IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Access for the Disabled, Inc.  
Robert Cohen, and Patricia Kennedy

*Plaintiff*

v.

King's Super Buffet, Inc.

    *Defendants.*

_____/

Civil Action No.:

11-CV-62280-Zloch-Rosenbaum

## STIPULATION FOR SETTLEMENT

**THIS STIPULATION FOR SETTLEMENT** is entered into by and between **Access for the Disabled, Inc., Robert Cohen, and Patricia Kennedy** ("Plaintiffs") and **King's Super Buffet** ("Defendant").

**IT IS HEREBY** stipulated and agreed by and between Plaintiffs and Defendant as follows:

**WHEREAS,** Plaintiffs filed this action against Defendant for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, at the King's Super Buffet, Inc. ("Restaurant"), to which Plaintiffs sought a permanent injunction and attorneys' and expert's fees, expenses and costs;

**WHEREAS,** Defendant does not admit, and expressly denies, a violation of any federal, state or local statute (including but not limited to the ADA), and state or municipal fire safety or building code, or any other wrongdoing or liability whatsoever;

**WHEREAS,** Plaintiffs and Defendant have agreed to a settlement of this action;

**WHEREAS,** the aforementioned parties desire to avoid further expense, time, effort and uncertainty in regard to this action;

617649v1 950631.0093

1

**WHEREAS,** it is the intent of the parties to improve access to the Restaurant for persons with disabilities, and to set standards for future construction in a manner that satisfies Defendant's obligations under the laws governing physical access features for persons with disabilities at public accommodations, including but not limited to obligations under the ADA; and

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following terms and conditions as full and complete settlement of this action:

## DEFENDANT'S OBLIGATIONS: ADA ACCESSIBILITY, BARRIER REMOVAL, AND RESTROOM REPAIR

1. Plaintiffs allege in the Complaint filed in this action that certain physical barriers to access exist at the Restaurant that restrict and/or limit access to the Restaurant. In addition, Plaintiffs allege certain parts of the restrooms do not comply with the ADA. In response to and in settlement of the allegations contained in Plaintiffs' Complaint and all other allegations that Plaintiffs have brought or could have brought in this action with respect to this Restaurant, Defendant by and through Sampson Investments, Inc. as owner of real property where the Restaurant is located shall cause the following barriers to be removed and alterations and modifications to be made to the Facility within 30 days of the date of this Stipulation [1]:

    A) Defendant agrees to affix a clearly visible sign to the front counter containing the disabled symbol with the phrase, "Disabled Assistance Upon Request." Furthermore,

---

[1] For the purposes of this Stipulation for Settlement, the following abbreviations shall apply: (1) <u>ADAAG:</u> refers to the ADA Accessibility Guidelines, 28 C.F.R. Pt. 36, App. A; and (2) <u>FAC:</u> refers to the Florida Accessibility Code. Furthermore, for the purposes of this Stipulation for Settlement, the term "accessible" shall be defined to mean accessible to persons with a disability.

Defendant agrees to have available to disabled patrons a clipboard to be made available for disabled patrons requiring a flat surface to sign credit card receipts and checks. As a result of this reasonable accommodation, Defendant will not be required to lower a 60 inch long section of its front counter to 36 inches from the ground.

B) Defendant agrees to modify the thresholds leading to the buffet area so that any thresholds exceeding ¼ inches in vertical height will be beveled at a maximum 1:2 slope.

C) In the parking area in front of the accessible entrance, Defendant agrees to remove obstacles in the form of landscaping blocks that impede the accessible route from the west disabled parking space to the accessible entrance of the Facility. In the alternative, Defendant may keep the landscaping blocks in place if it creates an accessible aisle leading to the accessible entrance leading from the west disabled parking space to the accessible entrance that is compliant with section 4.3 of the ADAAG.

D) Defendant agrees to modify any disabled parking space so that it has a minimum width of 96 inches.

E) Defendant agrees to affix a sign designated restroom facilities as accessible, such sign shall comply with sections 4.30.4, 4.30.5 and 4.30.6 of the ADAAG.

F) Defendant agrees to modify the threshold at the door to the men's and women's restrooms so that it does not have a vertical rise in excess of ½ inch and is beveled to a slope of 1:2.

G) Defendant agrees to modify the men's and women's restrooms so that they both contain toilet stalls that reasonably comply with Fig. 30(a) of the ADAAG, to approximately 1 inch, and have grab bars in compliance with section 4.16.4 of the adaag.

## PLAINTIFFS' OBLIGATIONS

2. Within five (5) days of execution of this Stipulation of Settlement, Plaintiffs will file a Notice of Dismissal with Prejudice with the Court and submit an Agreed Order dismissing the case with prejudice.

## RIGHT OF INSPECTION

3. Upon the completion of the accessibility requirements, barrier removal, and restroom repairs set forth in Paragraph 1, Defendant shall provide written notice by certified or registered mail to Plaintiffs' counsel, Douglas Schapiro, of such completion and shall afford Plaintiffs and Plaintiff's counsel reasonable access to the Facility to verify completion of the

work required hereby. Nothing herein shall be construed to restrict or limit Plaintiffs and/or their representatives from otherwise visiting or accessing the Facility.

## ENFORCEMENT PROVISIONS/ COMPENSATORY DAMAGES

4.  In the event the barrier removal, alterations and modifications required hereby are not timely completed in all respects, Plaintiffs shall be entitled to obtain injunctive relief as allowed under 42 U.S.C. §12188.

5.  Defendant agrees that the removal of the barriers and the alterations and modifications set forth in Paragraph 1 will benefit Plaintiffs by providing access to the Facility. Defendant further agrees and acknowledges that until all barriers are removed and the alterations and modifications described herein are complete, Plaintiffs will not have full and equal access to the Facility. In the event the barriers are not removed and/or the alterations and modifications required hereby are not timely completed in all respects, Plaintiffs shall provide Defendant with notice of the same, and Defendant shall have sixty (60) days to either dispute the claim or to remedy the situation. If after the sixty (60) day period, Defendant shall pay Plaintiffs $10.00 per day in damages until said barriers are removed and alterations and modifications are complete. The parties understand that Plaintiffs' actual damages are not readily ascertainable and may be more than this amount if determined by the Court, but agree that this amount is fair and reasonable in order to compensate Plaintiffs for the delay caused by Defendant's failure to timely remove all barriers and complete the required alterations and modifications. Plaintiffs further agree not to seek damages in excess of $20.00 per day if the barriers are not removed and/or the alterations and modifications are not timely completed.

6.  The Parties agree that this Stipulation for Settlement shall be binding upon and inure to the benefit of the parties hereto, and their successors, including any successor owners,

operators, lessors or lessees of the Facility. In any transfer of interest or ownership of the Facility, Defendants shall notify such person taking interest or ownership of this Stipulation for Settlement.

7. In any action to enforce this Stipulation for Settlement, the prevailing party shall be entitled to their reasonable fees, expenses and costs in accordance with 42 U.S.C. §12205 and applicable law. In the event the barrier removal, modifications and alterations are not completed timely in all respects, Defendants shall pay all additional attorneys' fees, expert's fees, costs and litigation expenses incurred subsequent to the execution of this Stipulation for Settlement in accordance with 42 U.S.C. §12205 and applicable law.

## ATTORNEY'S FEES, LITIGATION EXPENSES AND COSTS

8. Each party shall bear their own attorney's fees, expenses and costs related to this action. The Parties acknowledge that this provision of the Stipulation for Settlement was a material inducement for the Parties to enter into this Stipulation for Settlement.

## NON-DISPARAGEMENT

9. The Parties agree that they will not make any disparaging, denigrating, demeaning or untrue statements about the other party or any person associated with the other party, including any officer, director, member, consultant, expert, or legal representative of the other party with respect to any of the issues raised, or which could have been raised in the above-captioned action.

## NON-DISCRIMINATION/ RETALIATION

10. Defendant agrees that it will not discriminate against any individual because that individual has opposed any act or practice made unlawful by the ADA, or because any individual has made a charge, testified, assisted or participated in any manner in an investigation,

proceeding or hearing regarding this matter or under the ADA, nor will Defendant coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of, his or her having exercised or enjoyed, or on account of, his or her aid or encouragement of any other individual in the exercise or enjoyment of, any right granted or protected by the ADA, in compliance with the mandates of 28 C.F.R. §36.206 thereof.

## RELEASE OF CLAIMS

11. Upon execution of this Stipulation for Settlement, Plaintiffs hereby release Defendant from any and all claims they may have, including claims pursuant to Title III of the ADA regarding the Restaurant (and any other federal, state or local law governing physical access features for persons with disabilities at public accommodations) such as the claims that were asserted, or could have been asserted, in the above-captioned action, *provided that*, this release shall in no way limit Plaintiffs' or the Court's ability to monitor and enforce Defendant's compliance with the terms of this Stipulation for Settlement. Nothing herein should be construed as a waiver or release of any claim Plaintiffs may have against any property or facility other than the subject Restaurant. Defendant hereby releases, acquits, remises and forever discharges Plaintiffs from any and all claims, causes, damages, demands, liabilities, equities and any and all other claims, whether known or unknown, from the beginning of the world to the date of this Stipulation for Settlement, including without limitation any clams relating in any way to this Restaurant. This release does not limit any party's ability to enforce another party's compliance with the terms of this Settlement Agreement.

## TIME IS OF THE ESSENCE

12. The parties further agree that time is of the essence in all respects regarding this Stipulation for Settlement and any breach of the time limitations set forth in this Stipulation for

Settlement shall be deemed a material breach.

## ENTIRE UNDERSTANDING

13. This Stipulation for Settlement constitutes the entire understanding and agreement of the Parties and supersedes all prior or contemporaneous negotiations or agreements (written or oral) and cannot be modified, amended or revoked except by the express written consent of both parties.

## SEVERABILITY

14. If any provision of this Stipulation for Settlement or any part of any provision of this Stipulation for Settlement is found to be invalid by a court of competent jurisdiction, such shall not affect the validity of any other provision/s or part/s of this Stipulation for Settlement.

## CONSTRUCTION/ AMBIGUITIES

15. The Parties acknowledge that each party has reviewed and revised this Stipulation for Settlement and that the normal rule of construction to the effect that any ambiguities are to resolved against the drafting party shall not be employed in its interpretation.

## WAIVER

16. The failure of any party to assert any of its rights hereunder shall not constitute a waiver of such rights.

## EXECUTION

17. The Parties have read and understood the preceding Stipulation for Settlement, have had the opportunity to discuss same with legal counsel, and have voluntarily agreed to sign the Stipulation for Settlement and agree to be bound thereby.

18. Each person executing this Stipulation for Settlement on each party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to the terms of the

Stipulation for Settlement.

    **19.**    The Parties agree that this Stipulation for Settlement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute but one and the same instrument.

**[SIGNATURE PAGES BELOW]**

ACCESS FOR THE DISABLED, INC., ROBERT COHEN, AND PATRICIA KENNEDY
V.
KING'S SUPER BUFFET, INC.
11-62280-CV-ZLOCH/ROSENBAUM

### Plaintiffs' Signature Page for Stipulation of Settlement Agreement

So agreed and consented to by:

Plaintiff, Access for the Disabled, Inc.

By: *[signature: Robert Cohen]*

Print: Robert Cohen          Title: ChairPerson

Date: 1/5/12

Plaintiff, Robert Cohen

By: *[signature: Robert Cohen]*

Print: Robert Cohen          Title: ChairPerson

Date: 1/5/12

Plaintiff, Patricia Kennedy

By: _____

Print: _____          Title: _____

Date: _____

617649v1 950631.0093

9

ACCESS FOR THE DISABLED, INC., ROBERT COHEN, AND PATRICIA KENNEDY
v.
KING'S SUPER BUFFET, INC.
11-62280-CV-ZLOCH/ROSENBAUM

### Plaintiffs' Signature Page for Stipulation of Settlement Agreement

So agreed and consented to by:

Plaintiff, Access for the Disabled, Inc.

By: _____

Print: _____     Title: _____

Date: _____

Plaintiff, Robert Cohen

By: _____

Print: _____     Title: _____

Date: _____

Plaintiff, Patricia Kennedy

By: *Patricia L. Kennedy* (signature)

Print: Patricia L. Kennedy     Title: Secretary & Treasurer

Date: 12.14.2011

ACCESS FOR THE DISABLED, INC., ROBERT COHEN, AND PATRICIA KENNEDY
V.
KING'S SUPER BUFFET, INC.
11-62280-CV-ZLOCH/ROSENBAUM

Defendant's Signature Pages for Stipulation of Settlement Agreement

So agreed and consented to by:

Defendant, King's Super Buffet

By: _____

Print: Zeng Chang Huang           Title: Owner

Date: 1/9/12